UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLAN A. SEBANC, et al.,<br><br>    Defendants. | Case No. 18-cv-00585-DMR<br><br>**ORDER GRANTING DEFENDANT STARBUCKS CORPORATION'S MOTION TO STAY**<br><br>Re: Dkt. No. 28 |

On January 27, 2018, Plaintiff Scott Johnson filed this action against Defendants Allan A. Sebanc, Beverly M. Sebanc, Kenneth D. McCloskey, Stacey S. Dobos, 363 Grant Avenue Associates, LLC, and Starbucks Corporation ("Starbucks") for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. [Docket No. 1]. On April 23, 2018, Starbucks filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this action, along with 20 similar actions filed by Johnson, to a single district for coordination as a multidistrict litigation ("MDL"). [MDL No. 2849 Docket No. 1]. The JPML will hear the motion to transfer on July 26, 2018. [MDL No. 2849 Docket No. 13 (Hearing Order)].

Starbucks moves to stay this action pending a JPML decision. [Docket No. 28]. Johnson opposes. [Docket No. 33]. This matter is suitable for disposition without oral argument. Civ. L.R. 7-1(b). For the following reasons, the court grants Starbucks's motion.

**I.  LEGAL STANDARD**

Although a case is not automatically stayed upon the filing of a motion for transfer and coordination before the JPML, a district court has discretion to stay the case through exercise of its inherent power. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); Rules of Procedure of the U.S. J.P.M.L. 2.1(d) (A pending motion before the JPML "pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district

court action and does not limit the pretrial jurisdiction of that court."). The court's discretionary power to issue a stay is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers*, 980 F. Supp. at 1360 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

In determining whether to grant a stay pending a JPML motion to transfer, courts consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360.

## II. DISCUSSION

Applying the *Rivers* factors, the court finds that they support the issuance of what will likely be a brief stay.

### A. Potential Prejudice to Johnson

Johnson does not argue that he will suffer any prejudice as a result of a stay. Moreover, any delay resulting from a stay will be minimal because the JPML will hear the transfer motion in several weeks, and in "most cases the [JPML] decides the matter before it within a short period after arguments are held or after the briefing is completed if the parties waive oral argument." Multidistrict Litig. Manual § 4:27. *See also Fuller v. Amerigas Propane, Inc.*, Nos. C 09-2493 TEH, 09-2616 TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (no "meaningful prejudice" where the case was in a "very early procedural stage[]" and the JPML was expected to hear the transfer motion in a matter of months; delay caused by the stay would be of "very short duration").

### B. Hardship to Starbucks

This district's General Order No. 56 governs this ADA case. *See* Docket No. 5 (Scheduling Order applying General Order No. 56 procedures and deadlines to this case). It sets forth a series of case management deadlines calculated in reference to the date of the parties' joint site inspection, with the goal of "'advanc[ing] efficient and effective litigation of ADA cases and . . . address[ing] defendants' concerns about costs.'" *Johnson v. Starbucks Corp.*, No. 18-CV-

01134-MEJ, 2018 WL 2938548, at *1 (N.D. Cal. June 12, 2018) (quoting *Hernandez v. Grullense*, 2014 WL 1724356, at *2 (N.D. Cal. Apr. 30, 2014)).

Starbucks argues that it will experience hardship if the court does not stay this action. According to Starbucks, the parties conducted a joint inspection on May 15, 2018, which triggered the parties' deadline to meet and confer to discuss settlement. If the parties do not reach agreement, Plaintiff must then file a notice of need for mediation. If mediation fails, the case will move forward pursuant to the regular case management procedures for civil litigation. *See* General Order No. 56. Without a stay, Starbucks will have to spend resources complying with the remaining General Order No. 56 case management deadlines. Starbucks contends that such efforts will be wasteful if the case is transferred for MDL treatment to a district other than this one. Starbucks also asserts that if the case does not settle through the General Order No. 56 process, it will proceed through the normal course of litigation, which could result in pretrial rulings that could be inconsistent with—or contradictory to—later rulings issued by a transferee court should MDL status be granted.[1]

Johnson contends that Starbucks's motion is moot because the case has already been "stayed" pursuant to General Order No. 56.[2] [Docket No. 33 at 3]. He also argues that because there are no pending motions, there is no possible risk of contradictory pretrial rulings in the absence of a stay.

The court finds that this factor also supports the issuance of a stay. The parties have completed the joint site inspection and are obligated to comply with the remaining General Order No. 56 processes and deadlines, including preparation for and participation in settlement discussions. If the case is transferred for MDL treatment and is assigned to a district other than this one, General Order No. 56 will not apply. For this reason, further resources expended to comply with General Order No. 56 are potentially wasteful and warrant a brief stay. *See Johnson*,

---

[1] This last point is highly speculative, given that the length of the stay will likely be brief.

[2] Johnson's characterization is incorrect. General Order No. 56 does not "stay" an ADA case. It dictates an early case management process that has been tailored to ADA access cases filed in this district.

3

2018 WL 2938548, at *2 ("Requiring Starbucks to prepare for and participate in settlement discussions while its motion to transfer this case [is pending] . . . is a type of hardship or inequity that warrants a stay."); *Johnson v. Monterey Fish Co., Inc.*, No. 18-CV-01985-BLF, 2018 WL 2387849, at *2 (N.D. Cal. May 25, 2018) ("[R]equiring Starbucks to engage in initial disclosures, a joint site inspection, and settlement discussions while it seeks to resolve such issues on a consolidated basis, would defeat the purpose of transfer and consolidation if the MDL Panel ultimately grants Starbucks['s] motion.").

### C. Conservation of Judicial Resources

"The most important [stay] factor is judicial economy." *Stuart v. DaimlerChrysler Corp.*, No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008); *Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant.").

"[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362; 28 U.S.C. § 1407(a) (Transfers made by the JPML "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."). In this case, the JPML will soon hear and decide Starbucks's motion. A stay will preserve judicial resources if the case is transferred for coordinated MDL treatment. If the case is not transferred, this court will be able to resume its work without prejudice to either party and with minimal delay. Courts that are presiding over two other cases that are part of Starbucks's motion before the JPML have reached a similar conclusion. *See, e.g.*, *Johnson*, 2018 WL 2387849, at *2 ("[g]ranting a stay pending a resolution on Starbucks'[s] motion to transfer and consolidate will promote consistency and judicial economy"); *Johnson*, 2018 WL 2938548, at *2 (same).

//

//

//

4

## III. CONCLUSION

The court grants Starbucks's motion and stays this case pending the JPML's resolution of Starbucks's motion to transfer.

**IT IS SO ORDERED.**

Dated: June 28, 2018



_____
Donna M. Ryu
United States Magistrate Judge